## HAGGERTY ET AL. *v.* JUDAY.

JUDGMENT.—*By Confession Without Creditor's Consent.*—*Ratification.*—A judgment by confession, entered without the consent or knowledge of the creditor in whose favor it is rendered, is, unless ratified by him, wholly invalid.

SAME.—*Evidence.*—Where such a judgment has been so rendered, the mere silence of the creditor, or his failure to object, when informed of the same, is not a ratification of such judgment, though admissible as evidence tending to prove the same.

SAME — *What a Ratification is.*—A ratification is an agreement to adopt an act performed by another for the one who agrees to adopt it, or the confirmation of a voidable act.

SAME.—*Confession by Insolvent Joint Debtor.*—*Promissory Note.*—The payee of a promissory note executed by several joint makers, one of whom he knew was insolvent, at the request of the latter, left the same with a justice of the peace for collection, with directions to issue process; but the justice, though having the means of acquiring jurisdiction of the persons of such insolvent and another of such makers, permitted such insolvent,without the issuing of process and without the knowledge of the payee, to confess judgment in favor of the latter. And the payee, upon being informed thereof, without either agreeing or objecting to such judgment, instituted suit upon such note against all of such makers, whereupon they pleaded and proved such former recovery.

*Held,* that such recovery was had without the knowledge or consent of the payee, that he never ratified the same, and that it is no bar to the action.

From the Elkhart Circuit Court.

*J. H. Baker* and *J. A. S. Mitchell,* for appellants.

*W. A. Woods,* for appellee.

BIDDLE, C. J.—This was an action by the appellee, against Thomas J. Bennett, Robert J. Haggerty and Edwin Reeve, on a joint promissory note.

The case is the same as *Barnett, v. Juday,* 38 Ind. 86.

As will be seen by reference to the case as there reported, the defence was, that the plaintiff had previously taken a judgment against Barnett, one of the joint makers of the note, by confession before a justice of the peace, which, it was contended, merged the note, and was a bar to any further action. The plaintiff claimed he had not consented to the rendition of the judgment. We thought, however, that the answer sufficiently showed that the judgment was taken by the plaintiff's consent, but intimated, that if, in fact, this was not so, he might avoid the answer by a reply. When the cause went down, the plaintiff filed such a reply. On a trial by jury, the following special verdict was returned.

" We, the jury, find that the defendants Barnett and Haggerty, as partners and as principal debtors, and the defendant Reeve, as surety, executed the note in said suit at the date thereof; that said note is due and unpaid, and was due at the commencement of this suit, which was commenced on the 3d day of February, 1870, and that the amount of said note, including interest to date, is the sum of two hundred and eighty-nine dollars and sixteen cents ($289.16). We further find that on the 21st day of December, A. D. 1869, said plaintiff carried said note to George W. Alford, then a justice of the peace of Jackson township, in said county of Elkhart, in said State of Indiana, and left said note with said justice for collection, with instructions to issue on the same, and to

do the best he could for him, the plaintiff; that, at a subsequent hour on said day, December 21st, 1869, about thirty minutes after plaintiff had so left said note, said defendant Barnett, in the absence of plaintiff, and without his knowledge or consent, appeared before said justice of the peace at his office and requested and offered to confess a judgment on said note, and said justice of the peace, in the absence and without the knowledge, consent or authority of plaintiff, received said confession, and afterward, on the same day, in the absence of the plaintiff and said defendant Barnett, and without the knowledge, consent or authority of plaintiff, said justice of the peace entered upon his docket a record of his said proceedings, a copy of which record, as so entered, marked Exhibit A, is attached hereto and made a part of this verdict, and that plaintiff has not since ratified said entry of judgment by confession; and that said justice notified said Juday of his action in the matter in less than two weeks after such action, and that he had entered judgment by confession against said Barnett, and said Juday made no objection thereto; that the said confession was in good faith received by said justice, and judgment entered thereon properly and in good faith.

"We further find, that there is no evidence that said Haggerty wrote any letter to said Juday, nor did he procure any to be written to secure the leaving of said note with said justice, nor to procure the judgment aforesaid to be confessed or entered, and that the said Haggerty did not know of any letter being written to said Juday, about the said note.

"We further find, that at the date aforesaid, December 21st, 1869, said Barnett was a resident of Jackson township in said county, and said Haggerty a resident of Concord township in said county, and said Reeve a resident of Ligonier, Noble county, Indiana; that shortly afterward, to wit, in April, 1870, said Barnett left and abandoned his said residence, and went to parts unknown,

and his whereabouts have since been and remain unknown; that said Haggerty and said Reeve have not since changed their said residences; that, at the time said plaintiff left said note with said justice of the peace, said Barnett was reported to be broken up and insolvent. The said plaintiff has never ordered nor had execution, nor in any way or manner availed himself of said judgment so confessed, and has not received any benefit therefrom, nor any payment thereon; that, at the time the said note was left with said justice of the peace for collection, the said plaintiff told the said justice of the peace that said Haggerty was one of the makers of said note, and that the defendant Barnett procured H. Jeanneret to write the plaintiff the letter, a copy of which is attached to plaintiff's reply, and on receipt of said letter, in answer to the request in said letter, plaintiff carried said note to said justice of the peace. It is not found that Haggerty and Reeve had any part in procuring the writing of said letter; that the said plaintiff said to said justice of the peace, that he wanted to get a judgment as soon as possible, for the affairs of Barnett were to be settled up. We further find, that said note was signed by Thomas Barnett, in the firm name of Thomas Barnett & Co., and that Edwin Reeve signed said note as surety for said firm of Thomas Barnett & Co., consisting of Thomas Barnett and Robert J. Haggerty; that the said Haggerty had no knowledge of the making of said note. If, upon the foregoing facts in this verdict found and contained, the law is with and for the defendant, then we find for the defendant, and if the law is with the plaintiff, we, the jury, find for the plaintiff, and assess his damages at two hundred and eighty-nine dollars and sixteen cents."

The judgment, a copy of which is attached to and made part of the special verdict, is the same as that set out in the opinion in 38 Ind., *supra*.

The letter, a copy of which is filed with the reply, is as follows:

"LIGONIER, Dec. 20th, 1869.

"Mr. G. W. Juday, Dear Sir:

"You will please to send to squire Weybright, of New Paris, immediately, to-night if possible, the note you hold against T. Barnett & Co., for collection, as all matters are to be settled up without delay. Attend to it on receipt of this.          Truly Yours,

"H. JEANNERET."

The question is presented, among others, whether the action of the court in rendering judgment for the plaintiff on the special verdict, was correct or not.

A judgment by confession, entered without the knowledge or consent of a creditor in whose favor it is, is, prior to the ratification by him, invalid for all purposes, being neither operative as a lien, an estoppel, or a merger of the demand. But if the creditor afterward accepts and ratifies it, it becomes, from the moment of its acceptance, valid, and attended with all the results incident to other judgments. Freeman Judgments, sec. 548, 2d ed.

According to the special verdict, the plaintiff, when he left the note with the justice of the peace, told him, that he wanted to get a judgment as soon as possible, for the affairs of Barnett were to be settled up; that he left the note for collection, with instructions to issue on the same, and do the best he could for him; that, within two weeks after the rendition of the judgment, the justice of the peace notified Juday, the plaintiff, of his action, and that he had entered judgment by confession against Barnett, and that Juday made no objection thereto. Simply making no objections thereto, when told of the judgment, is not a ratification, but only evidence tending to prove a ratification.

A ratification is an agreement to adopt an act performed by another for the one who agrees to adopt it. Bouvier's Law Dict.

The confirmation of a voidable act. Burrill's Law Dict.

The silence of a party, with a knowledge of what has been done for him in his name, is evidence of ratification, of more or less force, according to the circumstances in which it occurs. *The Philadelphia, Wilmington and Baltimore R. R. Co.* v. *Cowell,* 28 Pa. State, 329; *Doughaday* v. *Crowell,* 3 Stockton, 201; *Ladd* v. *Hildebrant,* 27 Wis. 135.

The fact that the appellee did not object to the judgment, when told it had been rendered, will not overthrow the special finding that he did not ratify the judgment. And it is clear that he did not authorize the taking of a judgment by confession against an insolvent partner, thus discharging the other member of the firm.

The finding, in brief, shows the note sued on and the amount due upon it, that the judgment set up as a defence was not authorized by the appellee, and that he never ratified it; and we think that the appellee was entitled to recover.

The judgment is affirmed, with costs.