## Cox v. Hayes.

[No. 2,150.  Filed October 5, 1897.]

PAYMENT.—*Bank Check.*—The delivery of a bank check by a debtor to his creditor does not extinguish the debt for which it was given, unless there was an agreement that the check should operate as a payment.  *p. 224.*

SAME.—*Bank Check.*—*Burden of Proof.*—The burden is upon a debtor to overcome the presumption that the delivery and acceptance of a bank check which proved to be worthless constituted merely a conditional payment.  *p. 225.*

BANKS AND BANKING.—*Honoring Worthless Check.*—A bank does not honor a worthless check by giving credit for the amount of the check to the payee, where such credit is conditionally and temporarily made by way of indulgence and accommodation to the payee.  *p. 225.*

ELECTION OF REMEDIES.—*Worthless Check.*—A creditor who has received from his debtor a check which has proved to be worthless, may treat the check as a mere nullity and bring an action on the original indebtedness.  *p. 225.*

Cox v. Hayes.

APPEAL AND ERROR.—*Special Finding.*—*Harmless Error.*—Errors in overruling demurrers to pleadings, where there is a special finding, are harmless. *p. 226.*

PLEADING.—*Reply.*—*Departure.*—Where in an action on account an answer is filed pleading payment by check, a reply acknowledging receipt of check, and that the same proved worthless, is not a departure. *p. 226.*

APPEAL AND ERROR.—*Reply.*—*Argumentative Denial.*—The overruling of a demurrer to an argumentative denial is not available error. *p. 226.*

From the Jay Circuit Court. *Affirmed.*

*J. W. Headington* and *J. F. LaFollette,* for appellant.

*C. Corwin* and *J. M. Smith,* for appellee.

BLACK, J.—The court below, at the request of appellant, rendered a special finding of facts with its conclusion of law thereon, and the correctness of the conclusion is questioned by the assignment of errors. The appellant has also assigned as errors the overruling of his demurrer to the second paragraph of reply, and the overruling of his motion for a new trial.

It is urged in argument that the evidence was not sufficient to sustain the finding; but upon examination we find that the evidence, without conflict therein, sustained the finding.

The court stated the facts in substance as follows: On the 23d and 24th of November, 1894, the appellee was the legally elected, acting, and qualified treasurer of Jay county, and was engaged in collecting taxes for said county at the treasurers office in the city of Portland, in said county. On said 23d day of November, the appellant was indebted to said county for taxes in the sum of $191.93, and on that day at said office he asked and received of the appellee, as such treasurer, the appellant's tax receipts covering said sum, and at the same time, and to pay his said taxes,

he paid over to the appellee $115.43 in cash, leaving a balance of $76.50 yet due on said taxes. The appellant then held a check drawn by the firm of Neal Bros. & Co., of said city of Portland, payable to the appellant or bearer, on the People's Bank, Portland, Indiana, and dated November 19, 1894. The appellant then and there asked the appellee to take said check for the balance of said tax receipts, and the appellee, to accommodate the appellant, then and there took said check as requested. Said firm had no money in said bank to pay said check, or any part thereof, at the time the appellant took it, or at any time thereafter, of which fact the appellee, when he took it, had no knowledge. In a short time after taking the check, and on the same day, the appellee presented it to said bank for payment, and to have the amount thereof credited on his account which he then had in said bank; and payment thereof was by said bank refused, because of no funds of said Neal Bros. & Co. in said bank. The appellee, on being informed by the cashier of said bank that there were no funds of said firm in said bank with which to pay said check, or any part thereof, requested the cashier to take the check and credit appellee's account with the amount thereof until the next day, when he, the appellee, would call at the bank and take up the check and deposit with the bank $76.50 in cash in place of the check; and the cashier did then and there credit the appellee's account in the bank with said sum, on the condition, and not otherwise, that the appellee would take up the check on the following day and deposit in said bank in place of said check the sum of $76.50. On the next day the appellee paid to and deposited in said bank the sum of $76.50, in place of said check, and received the check from the bank. On the day he so received the check back from the bank, he offered it to the ap-

pellant, and on that day demanded and requested of the appellant that he pay the appellee the sum of $76.50 and take up said check, which the appellant then refused to do, and had ever since wholly failed and refused to do. Said bank, at the time it so received the check, did not charge said Neal Bros. & Co. with the amount thereof. The appellee's term of office as such treasurer expired, and he ceased to be such treasurer, before the commencement of this action. It was further found that said sum of $76.50, with the interest thereon at the rate of six per cent. per annum from the 24th of November, 1894, to the date of the finding was then due and wholly unpaid from the appellant to the appellee. And the court concluded as matter of law upon the foregoing facts that the appellee ought to have and recover of and from the appellant the sum of $80.59.

In Morse on Banks and Banking, section 543, it is said: "The presumption is that a check is only intended as conditional payment, and if dishonored, and the holder is not guilty of laches, causing loss to the drawer, the latter is liable upon the original cause, or debt for which the check was given."

In *Boyd* v. *Olvey*, 82 Ind. 294, it was remarked: "Ordinarily, checks do not extinguish debts; if paid they have this effect, otherwise not. * * * We have already seen that bank notes accepted without objection constitute full payment, and we find it equally well settled that a check does not."

n *Born* v. *First National Bank*, 123 Ind. 78, it is said: "In accepting a check instead of money, the creditor dispenses with the necessity of payment in the legal mode, and the reasonable implication is that the check shall be a payment only in the event that it is honored on presentation." It is further said, that "as only money is payment when there is no express agreement,

there is no sufficient reason for inferring that an order for money, although accepted, is money, or has the same effect as money." Again, it is said: "It is, and long has been, settled law that an ordinary check does not constitute payment." And it was held in that case, that an accepted certified check could not take the place of money, without an agreement to that effect, or by its own intrinsic force operate as payment.

It was said in *Sutton* v. *Baldwin*, 146 Ind. 361, 364: "The general rule is that a check delivered by a debtor to his creditor does not extinguish the debt for which it is given. If such check is paid, it extinguishes the debt, otherwise not."

In the case last mentioned it was said, that a check may be given and received, by agreement of the parties, as payment of a debt; that the debt for which it is so given is thereby extinguished, and that in such case, if the check is not paid for any reason, the right of action is on the check, and not on the obligation or indebtedness for which it was given.

In *Fleig* v. *Sleet*, 43 Ohio St. 53, it was held, that there is no difference between the case of payment of an account by the debtor's own check on a bank where he has neither funds nor credit, and the case where the debtor indorses to his creditor a worthless check drawn by a third person who has no funds subject to its payment; and it was said: "In the hands of the debtor before indorsement it was without value. * * * Between the debtor and creditor there is an accord, but no satisfaction. In law, it is like payment in counterfeit money, or broken bank bills. The claim thus intended to be paid remains a subsisting cause of action."

In the case at bar, it does not appear from the finding that there was an agreement that the check in

Cox *v.* Hayes.

question should operate as a payment. It is stated that it was taken by the appellee to accommodate the appellant; and certainly nothing more could be claimed by the appellant from the circumstances shown than that it was taken by the treasurer in the usual course of business.

The burden was upon the appellant to overcome the presumption that the delivery and acceptance of the check constituted merely a conditional payment, and the facts do not indicate an absolute payment.

The bank gave the credit for the amount of the check to the appellee, not by way of honoring the check, or through reliance upon it drawers, but conditionally and temporarily by way of indulgence and accommodation to the appellee himself. The check was not at any time honored by the bank.

It was allowable and proper for the appellee to treat the check as a mere nullity, and to bring his action, as he did, upon the original indebtedness in the form of a common count for money paid by the appellee for the appellant at his special instance and request, with a bill of particulars.

The answer contained, besides a general denial, a plea of payment stated generally, and a further answer of payment by said check, it being alleged that it was accepted in full payment and satisfaction of the claim for taxes, and that on presentation to the bank, it was accepted by the bank, and that the amount thereof was placed to the credit of the appellee on the books of the bank and on the appellee's deposit book.

The first paragraph of reply was a general denial. In the second paragraph of reply the facts were set out in substance as shown in the special finding.

A separate consideration of the ruling on the de-

murrer would be unnecessary. *Scanlin* v. *Stewart*, 138 Ind. 574.

In has been held that errors in overruling demurrers to pleadings, where there is a special finding or a special verdict, are not material, inasmuch as a correct conclusion of the law upon the facts found, it is said, would correct the errors, if any, in the overruling of the demurrers. *Woodward* v. *Mitchell*, 140 Ind. 406; *Ross* v. *Banta*, 140 Ind. 120; *State, ex rel.*, v. *Vogel*, 117 Ind. 188; *Louisville, etc., R. W. Co.* v. *Downey, ante*, 140.

It is urged against the second paragraph of reply that it was a departure. But we think this objection not well taken. It did not set up the check as a cause of action instead of the implied contract counted upon in the complaint, but it showed by its averments that the alleged payment set up in the answer was not in truth a payment and satisfaction of the claim declared upon in the complaint.

If the reply amounted only to an argumentative denial, the overruling of the demurrer would not, for such reason, be available error.

The judgment is affirmed.

WILEY and ROBINSON, JJ., absent.