## Brown *v.* Grimes et al.

[No. 10,598. Filed January 26, 1921.]

1. ATTORNEY AND CLIENT.—*Collection of Claim.—Settlement.—Authority of Attorney.—Statute.*—Under §1003 Burns 1914, §968 R. S. 1881, an attorney who has a claim for collection has no authority, in the absence of special authority, to accept in settlement anything except money, and cannot accept a check. p. 657.

2. ATTORNEY AND CLIENT.—*Collection of Claim.—Payment.—Acceptance and Indorsement of Check by Attorney.*—An attorney has no authority to receive a check as payment of a judgment entrusted to him for collection, nor could he by his indorsement impose a new contractual liability upon his client, but where he took the check in due course of his employment, he had implied authority to make a formal indorsement in behalf of his client for the purpose of making collection and receiving the money, and, having by indorsement received the money thereon, he effected the purpose for which he had been employed, and the receipt by the attorney of the check amounted to payment of the judgment. p. 658.

From Lawrence Circuit Court; *James A. Cox,* Judge.

Action by Eliza Grimes and another against Hiram Brown. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Brooks & Brooks,* for appellant.

*C. A. Royse* and *Robert L. Mellen,* for appellees.

REMY, C. J.—On February 20, 1912, appellee Grimes, who resided in the city of Bedford, Indiana, executed and delivered to appellant her promissory note for $250, and, to secure the payment thereof, executed and delivered to appellant a mortgage on certain real estate located in that city. On May 5, 1917, the note being past due and unpaid, appellant through his attorney, one John H. Underwood, by proper proceedings, procured a judgment for the full amount of the note, but did not foreclose the mortgage. Thereafter, on May 28, 1917, said appellee borrowed $2,500 from appellee Mechanics' Building, Loan and Savings Association, and, to secure the notes evidencing such indebtedness, gave an additional mortgage on the real estate. At the time the additional mortgage was executed, it was agreed between appellee Grimes and said association that the latter, as agent of appellee Grimes, should pay to appellant the amount of his judgment, and procure from him a satisfaction of the judgment and of appellant's mortgage. Thereupon a representative of appellee association communicated by letter with appellant, who resided in the city of Indianapolis, as to the payment and release of the judgment. By letter in answer, appellant stated that the claim was "in the hands of J. H. Underwood, our attorney at Bedford, for collection." Thereafter appellee association, as agent for appellee Grimes, delivered to Underwood a check for the full amount of appellant's judgment, the check being made payable to appellant. Underwood indorsed the check, "Hiram Brown, by J. H. Underwood, Atty., J. H. Underwood," presented the same to the bank on which it was drawn, received the money thereon, and embezzled it. Though said attorney, at the time he received the check, stated that he would "get satisfaction of the indebtedness" from appellant, he failed to do so, and on May 23, 1918, appellee Grimes demanded of

appellant that the judgment and the mortgage be satisfied of record, which appellant refused to do, and thereafter this suit for a judicial satisfaction of the judgment and mortgage was commenced by appellees against appellant. Appellant filed an answer in denial, and a cross-action to recover the amount of said $250 note, and for the foreclosure of his mortgage. A trial by the court resulted in a general finding in favor of appellees, decreeing a satisfaction of appellant's mortgage and judgment, and denying any relief to appellant.

The only error assigned is the action of the court in overruling appellant's motion for a new trial. It is urged that a new trial should have been granted for the reason that the decision of the court is not sustained by sufficient evidence, and is contrary to law.

The material facts are not in dispute, and are in substance as above set out.

The only question involved in this appeal is whether or not the transaction by which the check payable to appellant was delivered to Underwood, and by him indorsed and cashed, amounted to a payment of the claim represented by the judgment. The recovery by appellees was upon the theory that such transaction did amount to payment. It is the contention of appellant that the acceptance of the check by Underwood was without authority, and that the receipt by him of the amount of the check, in money, was not a payment of the judgment. It is conceded by appellant that if Underwood had received the money instead of a check it would have been a payment of the claim, even if his attorney had embezzled the money so received.

It is a well-established rule of law that an attorney who has a claim for collection has no right, in the

1. absence of special authority, to accept in settlement anything but money. This rule is made

the law in this state by statutory enactment. 2. §1003 Burns 1914, §968 R. S. 1881. See, also, *McCormick* v. *Walter A. Wood, etc., Co.* (1880), 72 Ind. 518. Under this rule, appellant's attorney had no authority to receive the check *as payment*, nor could he by his indorsement impose a new contractual liability upon appellant, who was his client; but, having taken the check in due course of his employment, he had implied authority to make a formal indorsement in behalf of his client for the purpose of making the collection and receiving the money. Having by indorsement of the check received the money thereon, Underwood had by this means effected the purpose for which he had been employed. He had collected, and had in his possession for appellant, in money, the full amount of the judgment he had been employed to collect. We therefore hold that the acceptance and indorsement of the check by appellant's attorney, and the receipt by said attorney of the proceeds of such check, under the peculiar facts of this case, amounted to a payment of the judgment. The conclusion we have reached is in accordance with the great weight of authority. 6 C. J. 659; 1 Thornton, Attorneys at Law 363, 364; *Harbach* v. *Colvin* (1887), 73 Iowa 638, 35 N. W. 663; *National Bank, etc.* v. *Old Town Bank, etc.* (1902), 112 Fed. 726, 50 C. C. A. 443; *National Fire Ins. Co.* v. *Eastern Bldg., etc., Assn.* (1902), 63 Neb. 698, 88 N. W. 863; *North End Paper Co.* v. *State Bank, etc.* (1916), 198 Ill. App. 242; *Wiley* v. *Mahood* (1877), 10 W. Va. 206, 223; *Black* v. *Drake* (1874), 2 Colo. 330. See, also, *Holliday* v. *Thomas* (1883), 90 Ind. 398.

The unfortunate situation of appellant is not the result of any wrongdoing or negligence on the part of appellees, or either of them, but is due to the fact that appellant's attorney proved unfaithful to his trust.

We find no error. Judgment affirmed.