## UNITED STATES v. SLOAT.
### No. 3067b.

District Court, D. New Jersey.
March 3, 1931.

Minturn & Weinberger, of Newark, N. J., for the motion.

Phillip Forman, U. S. Atty., and Walter B. Petry, Asst. U. S. Atty., both of Trenton, N. J.

AVIS, District Judge.

The first count of the indictment charges that the defendant, Raymond L. Sloat,

having in his possession a certain check, drawn upon the Treasurer of the United States to the order of Mrs. Leonora Buckley, administratrix of the estate of Frank G. Barber, with intent to defraud the United States, did, on July 2, 1928, forge and counterfeit the name of the payee therein, by an indorsement on the reverse side thereof, without the consent of the payee, for the purpose of obtaining and receiving from the United States the sum of $7,327.32.

The second count charges the defendant with uttering and publishing the forged instrument with intent to defraud the United States.

The indictment charges an offense, in violation of the provisions of section 29 of the Criminal Code (18 USCA § 73).

By agreement with the United States attorney, for the purposes of this motion, the court is to consider a certain power of attorney given by the payee of the check to the defendant (who is and was an attorney at law), prior to the receipt of the check by the defendant and the commission of the alleged offense.

The power of attorney reads as follows: "I, Leonora Buckley, hereby retain Raymond L. Sloat, attorney, to represent me in settling of the estate of late husband, George Heckele, and to collect any monies due me from the Government of the United States by reason of his service in the United States Army and to do such acts as may be necessary for the proper carrying out of this representation and agree that in accordance with the United States Statutes he is to retain ten (10%) per cent of any amount recovered as his fee, plus such actual expenses as may be incurred in the way of court costs or otherwise."

The forging of an indorsement on a check issued by the government has been held to be a violation of the section of the Criminal Code herein referred to. See Prussian v. United States, 282 U. S. 675, 51 S. Ct. 223, 75 L. Ed. 610.

The indictment charges the defendant with forgery. The original document on which the indictment was founded, has not been produced; but from the reading of the indictment and briefs submitted, the court assumes that the name of the payee in the check was indorsed thereon in the identical form as stated on the face of the check, without any notation or indication that the indorsement was made by the defendant, or by any other party than the actual payee named in the check.

In considering a motion of this character, the facts alleged in the indictment are considered as true, and in this case the court is taking into account the power of attorney, and the further conceded fact that the defendant is an attorney at law.

Counsel for the defendant bases the motion to quash upon the assertion that an attorney at law has implied authority to indorse a check received by him for his client, and to collect the funds named therein, in all instances where he, in any way, represents a client, and relies upon the cases of Bailey v. United States (C. C. A. 9) 13 F.(2d) 325, 326 and Brown v. Grimes, 74 Ind. App. 655, 192 N. E. 483.

It appears that different principles of law apply to attorneys, depending upon the nature of their employment. Where an attorney is employed to conduct a court proceeding, he has presumptive authority to act for his client, and possibly would have authority to indorse checks drawn in his client's name, especially if the authority of the attorney is noted on the check in addition to the name of the client. His authority arises from the fact that he is an officer of the court, but where the attorney is not appearing for a party in a court of justice but for the transaction of business, involving an agency, there is no presumption of authority, and his rights must be governed by the terms of his employment, as applies to any other ordinary agency. See 2 R. C. L. § 58, p. 980.

"A power of attorney to prosecute a claim against the Government giving authority to receive a check in payment gives the agent no power to indorse and collect the check." 5 R. C. L. § 67, p. 543.

"An authority to receive checks in lieu of cash in payment of bills placed in the hands of an agent for collection does not authorize the agent to indorse and collect the checks." Ibid.

A digest of the collected cases on this point is contained in notes to Gate City Building & Loan Association v. National Bank of Commerce, 27 L. R. A. 401.

In the case of Brown v. Grimes, supra, the attorney represented his client in a court of justice, and in addition it appears, by an examination of the opinion, that under the name of the payee indorsed on the back of the check the attorney added, "by J. H. Underwood, Atty."

In the case of Bailey v. United States, supra, which is relied upon by the defendant as a precedent, it appears that the check or draft came into the possession of the defend-

436

ant therein, as attorney for an estate. It further appears that the attorney "indorsed the check or draft in the name of the administrator, adding his own name to the indorsement." The opinion does not state whether it appeared in the indorsement that the defendant was the attorney for the estate, but the cases relied upon in that decision do not sustain the conclusion reached, unless the name of the payee was indorsed with a notation that it was made by the attorney.

In that opinion the case of In re Brashear (D. C. W. D. Pa.) 275 F. 481, is cited as authority for the conclusion. An examination of this latter case shows that the proceedings were in the bankruptcy court; that the attorney had been named in a creditors' power of attorney; that the question submitted by the referee was with relation to the right of the attorney to indorse a check issued by the referee in payment of a dividend; and that the check was indorsed by the attorney writing the name of the payee "per the attorney." This is an entirely different situation from that which appears here.

The attorney in this case did not write anything in the indorsement to indicate that he himself had indorsed the name of the payee. As the check was presented to the bank, it would naturally be assumed that the payee had personally indorsed the check.

An examination of the case of National Bank v. Old Town Bank (C. C. A. 7) 112 F. 726, in which case the court upheld an indorsement by the attorney, the facts were that the checks came from attorneys associated with the attorney who made the indorsement, and the court held that, the money having been in the hands of the associated attorneys, the original attorney had the right to cash their check, although drawn direct to his clients, as the associated attorneys were responsible to the forwarding attorney and not to his clients. The court further held that the associated attorneys "could not rightfully curtail the authority of Fairman to receive in money the fruits of the litigation, since he had been thereto fully authorized by his clients. * * *" Page 728 of 112 F.

In addition and explanation, the court further said: "We do not mean to say that the implied authority of an attorney authorizes an indorsement of his client's name in such way as to bind the client as an indorser, but that, under the circumstances of this case, Fairman was authorized to collect the money of his clients, and for that purpose to make these indorsements as a proper means to that end. The indorsement was availing to pro-

tect the drawer of the check, and that is sufficient." Page 729 of 112 F.

Except under extraordinary circumstances, an attorney at law has no right to receive anything but money for his client, and if paid by check to the order of his client, he can never be justified in indorsing the client's name without an indication that he does it as attorney. To approve the right of an attorney at law to forge an indorsement in the manner shown in this case would be in direct opposition to all approved precedents, and would establish a principle detrimental to the proper administration of justice.

The motion to quash is denied.