INDIANA INSURANCE CO., Appellant,

v.

Jean C. MARGOTTE, Joseph Margotte, and the Citizens National Bank of Evansville, d/b/a Vincennes Regional Banking Center, Appellees.

The Citizens National Bank of Evansville, d/b/a Vincennes Regional Banking Center, Appellants,

v.

Jean C. Margotte, Joseph Margotte, and Indiana Insurance Co., Appellees.

No. 42A05–9905–CV–202.

Court of Appeals of Indiana.

Nov. 15, 1999.

Shannon L. Robinson, Kelley, Belcher & Brown, Bloomington, Indiana, Terry G. Farmer, Catherine A. Nestrick, Bamberger, Foreman, Oswald and Hahn, LLP, Evansville, Indiana, Attorneys for Appellants.

Paul B. Ledford, Vincennes, Indiana, Attorneys for Appellee.

## OPINION

GARRARD, Judge

### Case Summary

Indiana Insurance Company ("Indiana") and Citizens Bank of Vincennes ("Citizens") appeal the trial court's denial of their respective motions for summary judgment. We reverse and remand.

### Issues

Indiana and Citizens present several issues on appeal, but we address only the following dispositive issues:

I. whether the settlement agreement between Indiana and the Margottes is a binding contract; and

II. whether Indiana fully performed under the settlement agreement.

### Facts and Procedural History

On May 7, 1994, Joseph and Jean Margotte were passengers in a vehicle that was involved in a collision with another vehicle operated by an insured of Indiana. As a result of the accident, the Margottes sustained injuries. The Margottes re-tained attorney Bradley Catt to represent them in their claim for damages.

Catt negotiated a settlement with Indiana for policy limits of $500,000, with $100,000 in annuity payments and a lump sum payment of $400,000 at the time of settlement. On August 28, 1995, Catt met with the Margottes at which time they signed a document that Catt represented to them as a document he needed signed "to get the things moving along." Record at 148, 197 Deposition at 18. The Margottes assertedly did not read the document and were not aware that it was a settlement agreement.

The settlement agreement provided in pertinent part:

2.0 PAYMENTS

In consideration of the release set forth above, the Insurer, on behalf of the Insureds, agrees to pay the sums outlined below:

2.1 Payment(s) due at the time of settlement as follows:

Four Hundred Thousand Dollars and No Cents ($400,000.00) to Jean C. Margotte, Joseph Margotte and Bradley J. Catt, Esq. (619 Broadway Street, P.O. Box 139, Vincennes, IN 47591), upon execution of this Settlement Agreement by all the parties below;

This sum is in payment of damages, fees, costs and any and all liens (specifically including, but not limited to any outstanding Medicaid liens or claims arising from this accident) of any kind whatsoever; and,

2.2 The following Periodic Payments are guaranteed to be paid to Jean C. Margotte (or to her designated Beneficiary or Estate):

Nine Hundred Eleven Dollars and Thirty Cents ($911.30), monthly, beginning January 15, 2001 and continuing for so long as Jean C. Margotte shall live (with the additional guarantee that no less than 300 payments shall be made).

Record at 22. Upon execution of the agreement, Catt returned it to Indiana

Insurance. On August 30, 1995, upon receipt of the signed agreement, Indiana issued the settlement check made jointly payable to the Margottes and Catt and mailed it to Catt's office as provided in the agreement.

Upon receipt of the check, Catt endorsed the check in his name and forged the endorsements of the Margottes. Catt then deposited the funds in his attorney trust account at Citizens Bank. Citizens credited the proceeds of the check immediately to Catt's account. Catt embezzled the money for personal and business expenses. The Margottes have not received any of the $400,000 settlement payment.

On December 23, 1996, the Margottes filed a complaint against Indiana alleging breach of the settlement agreement for failing to pay them the $400,000.00. On February 20, 1997, the Margottes filed a motion for summary judgment. Indiana filed its answer denying any breach of the agreement and filed a third party complaint against Citizens for indemnification of any money Indiana may owe the Margottes. In response to the Margottes' motion for summary judgment, Indiana asserted that it had complied with the agreement by sending the check to Catt's office.

On March 31, 1997, Indiana filed its motion for summary judgment alleging that it did not breach the settlement agreement because it had issued and sent the settlement check in accordance with the agreement. Indiana and Citizens filed cross-motions for summary judgment on the third party complaint.

Following a March 20, 1998 hearing, the trial court issued an order denying all motions for summary judgment. In denying Indiana's and the Margottes' motions for summary judgment, the court found that a question of fact existed as to whether there was a valid, enforceable contract and whether Indiana breached the contract.

On December 17, 1998, pursuant to Indiana Appellate Rule 4(B)(6), Indiana and Citizens brought this interlocutory appeal challenging the trial court's November 17 order. We accepted jurisdiction of this appeal on May 20, 1999. Additional facts will be discussed as necessary.

### Discussion and Decision

■ Our summary judgment standard of review is well settled. Upon review of the denial of a motion for summary judgment, we apply the same legal standard as the trial court. *Erie Insurance Co. v. American Painting Co.*, 678 N.E.2d 844, 845 (Ind.Ct.App.1997). Summary judgment shall be granted if the designated evidence shows that there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Sizemore v. Arnold*, 647 N.E.2d 697, 698–99 (Ind.Ct. App.1995). Once the moving party has sustained his initial burden of showing the absence of a genuine issue and the appropriateness of judgment as a matter of law, the party opposing summary judgment must respond by designating specific facts showing a genuine issue for trial. *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1371 (Ind.1992). We will resolve any doubt as to fact or inference to be drawn from the evidence in favor of the party opposing the motion. *Frye v. Rumbletown Free Methodist Church*, 657 N.E.2d 745, 747 (Ind.Ct.App.1995).

### I. Indiana v. Margottes

The dispute between Indiana and the Margottes centers on performance of the contract. The Margottes sued Indiana for breach of contract. Indiana replies that it has complied fully with the requirements of the settlement agreement and thus has discharged its obligation to the Margottes. Therefore, Indiana asserts that the trial court erred in denying its motion for summary judgment against the Margottes.

### A. Validity of Contract

■ As an initial matter, we address the issue of whether there is a binding contract between Indiana and the Margottes. Citizens contends that the contract between Indiana and the Margottes is void

based on fraud in the execution of the contract. Although there is some confusion as to the circumstances under which the Margottes signed the settlement agreement, it is undisputed that they did not know the nature and contents of the document they signed due to the misrepresentations of their attorney, Bradley Catt. Thus, Citizens argues, the contract cannot be enforced against Indiana Insurance because it is void for fraud and therefore cannot be ratified. *See Trook v. Lafayette Bank & Trust Co.,* 581 N.E.2d 941, 944 (Ind.Ct.App.1991) (stating that a void contract cannot be ratified), *trans. denied.* Citizens relies on the United States Supreme Court's opinion in *Langley v. Federal Deposit Insurance Co.,* 484 U.S. 86, 93, 108 S.Ct. 396, 402, 98 L.Ed.2d 340 (1987) (citing RESTATEMENT (SECOND) OF CONTRACTS § 163 cmt. a (1981)), in which the Court stated that when a party does not know the contents of the document he is signing, the contract is void not voidable. However, subsection c of section 163 indicates that when a party is negligent in ascertaining the contents of the contract, the contract is voidable rather than void. RESTATEMENT (SECOND) OF CONTRACTS § 163 cmt. c (1981).

■ In the present case, the Margottes had a reasonable opportunity to read the document and they failed to do so. Therefore, we conclude the contract was merely voidable. When a contract is voidable for fraud, the injured party may avoid the contract or stand on the contract and seek damages. *A.G. Edwards & Sons, Inc. v. Hilligoss,* 597 N.E.2d 1 (Ind.Ct. App.1991). Here, the Margottes are not seeking to avoid the contract; rather, they are suing for the benefits provided in the contract. Thus, we conclude the settlement agreement between Indiana and the Margottes is a binding contract. The sole question that remains is whether Indiana performed as required by the contract.

### B. Breach of Contract

■ The Margottes contend that Indiana failed to discharge its obligation under the settlement agreement because they did not receive the $400,000. In support of their claim, the Margottes argue that Catt did not have authority to settle their claim and therefore, Indiana Insurance breached the contract by sending the settlement check to him. We find this argument unavailing.

■■ Although there is some question as to whether Catt had authority to settle the Margottes' claim, that issue is moot as the Margottes concede that they have ratified the contract. *Haggerty v. Juday,* 58 Ind. 154, 158 (1877) (stating that ratification is the confirmation of a voidable act); *see Blairex Laboratories, Inc. v. Clobes,* 599 N.E.2d 233, 236 (Ind.Ct.App.1992) ("When a principal, with full knowledge of the facts, appropriates the fruits of an agent's unauthorized act, the principal may not complain later the agent acted without authority."), *trans. denied.* When a party ratifies a contract, he cannot ratify only select provisions but must ratify the whole contract. *Public Savings Insurance Co. v. Greenwald,* 68 Ind.App. 609, 118 N.E. 556, 558 (1918) ("It is a general rule of agency that a principal, who adopts the act of one professing to act for him, must adopt it in toto, and will not be permitted to claim the benefit arising therefrom, and at the same time repudiate the burden thereof."). Here, the Margottes seek to receive the benefit of the contract, the $400,000 payment[1], while avoiding the method of payment provided for in the contract. This they may not do. In ratifying the contract, the Margottes have also ratified the method of payment required by the contract. *Accord Clarkson v. Selected Risks Insurance Co.,* 170 N.J.Super. 373, 406 A.2d 494, 497 (1979) (holding that plaintiff, in ratifying the settlement agreement, nec-

---

1. Under the settlement agreement, Jean Margotte is entitled to monthly payments of $911.30 beginning January 15, 2001. Those payments are not in dispute in this case. The breach of contract claim addresses only the $400,000 payment due at the time of settlement. Thus, our decision leaves Mrs. Margotte's right to the annuity undisturbed.

essarily ratified attorney's authority to receive the settlement draft); *Navrides v. Zurich Insurance Co.,* 5 Cal.3d 698, 97 Cal.Rptr. 309, 488 P.2d 637 (1971). The settlement agreement required that the settlement draft be made jointly payable to Catt and the Margottes and sent to Bradley Catt's office. It is undisputed that Indiana sent the check in accordance with the terms of the agreement. Furthermore, there were sufficient funds to cover the check. It is well settled in Indiana law that once a check is paid, it extinguishes the debt for which it is presented. *Cox v. Hayes,* 18 Ind.App. 220, 47 N.E. 844 (1897); *see also* IND. CODE § 26–1–3.1–310 (providing that payment of an uncertified check results in discharge of the obligation to the extent of the amount of the check).

Furthermore, Indiana courts have held that acceptance of a check by a client's attorney and receipt of the proceeds of the check by that attorney amounts to payment on the obligation. *Brown v. Grimes,* 74 Ind.App. 655, 129 N.E. 483 (1921) (holding that payment by debtor to creditor's attorney discharged the obligation despite the fact that attorney absconded with the money); *accord Terry v. Kemper Insurance Co.,* 390 Mass. 450, 456 N.E.2d 465 (1983) (holding that insurance company discharged its obligation when it transferred a check to attorney and check was jointly payable to client and attorney and drawn on account with sufficient funds to cover the check, notwithstanding attorney's forgery of client's endorsement). Having fully discharged its obligation, Indiana cannot be held liable for the Margottes' failure to receive the money, and thus, Indiana is entitled to summary judgment. As the court noted in *Brown,* "[t]he unfortunate situation of appellant is not the result of any wrongdoing or negligence on the part of appellees, or either of them, but is due to the fact that the appellant's attorney proved unfaithful to his trust." 74 Ind.App. 655, 129 N.E. at 484. Such is the case here. Although we sympathize with the Margottes' situation, our compassion for them cannot serve as a basis for granting them relief against Indiana Insurance. The trial court erred in denying Indiana's motion for summary judgment.

## II. Indiana v. Citizens

Given our conclusion above that Indiana is entitled to summary judgment, there remains no basis for Indiana's indemnification claim against Citizens. The third-party claim is therefore moot. *Schwartz v. Castleton Christian Church, Inc.,* 594 N.E.2d 473, 474 n. 2 (Ind.Ct.App. 1992) (noting that summary judgment in favor of defendant renders defendant's third party claim moot), *trans. denied; Plumlee v. Monroe Guaranty Insurance Co.,* 655 N.E.2d 350, 358 (Ind.Ct.App.1995) (judgment in favor of defendant/third-party plaintiff against plaintiff automatically renders third-party defendant not liable to third-party plaintiff on that claim), *trans. denied.*

Reversed and remanded for entry of summary judgment in favor of Indiana Insurance.

SULLIVAN, J. and BAILEY, J. concur.