**SHERIDAN v. UNITED STATES.**

**SHERWIN v. SAME.**

Nos. 9155, 9156.

Circuit Court of Appeals, Ninth Circuit.
June 3, 1940.

Rehearing Denied July 11, 1940.

**504**

Fenton Garfield, of Los Angeles, Cal., for appellants.

Ben Harrison, U. S. Atty., and Walter M. Campbell and Russell K. Lambeau, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Joseph P. Sheridan, Charles Sherwin, William M. Fidroeff and Harry W. Arnold were indicted for violating § 215 of the Criminal Code, 18 U.S.C.A. § 338.[1] The indictment was in ten counts. Counts 1 and 2 charged that, having devised a scheme to defraud,[2] defendants, for the purpose of executing the scheme, placed in post offices of the United States,[3] to be sent and delivered by the post office establishment, two letters described in those counts. Counts 3 to 10, inclusive, charged that, for the purpose of executing the scheme, defendants knowingly caused to be delivered by mail,[3] according to the directions thereon, eight letters described in those counts. Defendants were arraigned and pleaded not guilty. Arnold obtained a severance. Sheridan, Sherwin and Fidroeff were tried together. Sheridan and Sherwin were convicted and sentenced—Sheridan on counts 4, 5 and 6, Sherwin on counts 3, 5, 6 and 9—and have appealed.

There are fourteen assignments of error. Assignment 1 is that the court erred in denying appellants' motion, at the close of appellee's evidence in chief, to dismiss the indictment on the ground that the evidence was insufficient to sustain any count thereof. Appellants waived the motion by introducing evidence in their own behalf. Baldwin v. United States, 9 Cir., 72 F.2d 810, 812. Hence, denial of the motion was not assignable as error.

Assignment 2 is that the court erred in denying appellants' motion, at the close of all the evidence, to dismiss the indictment and to direct a verdict of acquittal on the ground that there was no substantial evidence to support the charges made in the indictment. The denial of the motion was not excepted to and was, therefore, not assignable as error. Muyres v. United States, 9 Cir., 89 F.2d 783.

Assignment 3 is that "Counsel for [appellee] committed prejudicial error in his closing argument to the jury by grossly misquoting the evidence and by commenting on the prior convictions of one of the defendants." The assignment does not say that the court committed any error. It, therefore, presents nothing for review.

Assignment 4 is that the court erred "in commenting on the failure of certain defendants to take the witness stand to testify." Actually, all defendants on trial, including appellants, took the witness stand and testified. There was no failure to take the witness stand, no comment on such failure and, therefore, no basis for the assignment.

Assignment 5 is that the court erred in sustaining appellee's objection to the following question which, on re-direct examination, appellants' counsel propounded to appellant Sherwin: "Mr. Sherwin, in regard to this personal correspondence that you had in your possession, what was the purpose of that correspondence that you brought to California in the fall of '33?" There was no evidence that Sherwin brought any correspondence to California in the fall of '33. The objection was properly sustained.

Assignment 6 is that the court erred in stating to the jury that the court was satisfied that all the evidence had been presented, so far as the defendants on trial were concerned, and that if the jury could, in

---

1 "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises * * * shall, for the purpose of executing such scheme or artifice * * * place, or cause to be placed, any letter * * * in any post office * * * of the United States * * * to be sent or delivered by the post office establishment of the United States * * * or shall knowingly cause to be delivered by mail according to the direction thereon

* * * any such letter * * * shall be fined not more than $1,000, or imprisoned not more than five years, or both."

2 This was a scheme to sell stock of Ray-O-Vision Corporation and other corporations and to obtain payment therefor, by making false and fraudulent pretenses, representations and promises to purchasers thereof, thereby defrauding such purchasers.

3 In the Southern District of California.

good conscience, agree on a verdict, they should do so. The statement was part of an instruction which the court gave the jury after they had deliberated for several hours without result. There was no exception to this or any part of the instruction. It was, therefore, not assignable as error. Levine v. United States, 9 Cir., 79 F.2d 364, 369.

Assignment 7 is that the court erred in admitting in evidence, over appellants' objection, appellee's Exhibit 62. This was the letter the mailing of which constituted the crime charged in count 2 of the indictment. The assignment states that the letter was dated "long after the time said crime is alleged to have been consummated," and that it was, therefore, incompetent. Appellants are mistaken. The letter was dated September 17, 1935. The crime—the mailing of the letter—was alleged to have been consummated on or about September 18, 1935. The letter was properly admitted.

Assignment 8 is that the court erred in admitting in evidence, over appellants' objection, appellee's Exhibit 71. This exhibit is not in the record. The bill of exceptions speaks of it as a post card, but does not disclose its contents nor state the substance or effect thereof. Hence, the question of its admissibility cannot be considered.

Assignments 9 and 10 are that the court erred in admitting in evidence, over appellants' objection, appellee's Exhibits 1 and 2. These exhibits are not in the record. The bill of exceptions describes Exhibit 1 as an application—also as a petition—filed with the California Corporation Department on June 3, 1932. The bill states: "Said petition is sworn to by William Fidroeff, secretary of Ray-O-Vision [Corporation], and petitions the Department for permission to sell 6,500 shares of stock in Ray-O-Vision Corporation." The bill describes Exhibit 2 as "a permit to sell stock issued by the California Division of Corporations to Ray-O-Vision Corporation on June 22, 1932." The bill states that the permit grants the corporation the right to sell 9,135½ shares of stock to the public. Appellants objected to the admission of Exhibits 1 and 2 on the ground that they were "incompetent, irrelevant and immaterial." There was no merit in the objection. The exhibits tended, with other evidence, to show the existence and character of the scheme charged in the indictment.[4] They were clearly admissible.

Assignments 11, 12, 13 and 14 are that the court erred in admitting in evidence appellee's Exhibits 3, 72, 76 and 94. These exhibits were admitted without objection. Their admission was, therefore, not assignable as error. Lynch v. United States, 9 Cir., 80 F.2d 390, 391.

Judgments affirmed.