## JOSEPH v. UNITED STATES.

### No. 10631.

Circuit Court of Appeals, Ninth Circuit.

Sept. 21, 1944.

Concurring Opinion Oct. 21, 1944.

Writ of Certiorari Denied Nov. 20, 1944.

See 65 S.Ct. 188.

Strother P. Walton and Ralph Robinson, both of Fresno, Cal., for appellant.

Charles H. Carr, U. S. Atty., and James M. Carter and Mildred L. Kluckhorn, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

Appellant Joseph was charged by information with a violation of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 321(f). The information contains two counts, one charging a shipment of contaminated food on January 25, 1943, and the second charging a similar shipment on December 30, 1942. The case was tried before a jury and judgment of conviction on the verdict was rendered on both counts. Appellant was sentenced to a fine of $250 on the first count and, on the second count imposition of sentence was suspended for a year during which period he was placed on probation. The appellant entered into a stipulation of facts with the government in which, among other things, it was stipulated that the shipments alleged in the information were food. On the eve of the trial the appellant changed attorneys and on the day of the trial, November 10, 1943, without previous notice to the government appellant made a motion that he be relieved from the stipulation on the ground that the product shipped was not to be used as food without further processing. The motion was denied and no exception taken. The denial of this motion is assigned as error.

The same question was raised on a motion for new trial. A further ground for the motion for new trial was that a government witness had been seen conversing with a juror.

In the absence of exceptions taken in the trial court no point is raised for decision on appeal. Decision on motion for new trial is not reviewable in any event. The appellant argues that there was no evidence on the second count except the stipulation and therefore it cannot be considered as sufficient evidence of the crime without

further proof of the corpus delicti. The proper way to raise this question in the lower court would be by motion for a directed verdict. None was made and consequently the question is not before us. Moreover, the stipulation covered all the facts necessary to show the commission of an offense and was sufficient without additional evidence.

Affirmed.

DENMAN, Circuit Judge (concurring in the result, but dissenting from decision that in a criminal appeal, in the absence of a motion for a directed verdict, no question can be before the appellate court.

I dissent from the refusal on technical grounds to consider the cogently presented contention of appellant that the stipulation of the otherwise unproved fact, namely, that the shipment was a food, a fact necessary for conviction on both counts, was in the nature of a confession or admission and required further proof of the corpus delicti. The contention is an important one, seemingly of novel import.

The statement that "Moreover, the stipulation covered all the facts necessary to show the commission of an offense and was sufficient without additional evidence," in no way warrants the refusal to consider appellant's contention, for, if it be correct, the stipulation is nonetheless a confession requiring corroboration because it contains all the elements of the crime.

Where, as here, a motion is made and denied though no exception is taken, the majority opinion's statement that "In the absence of exceptions taken in the trial court no point is raised for decision on appeal" is a return to the technical denial of appellate justice of Sherwin v. United States, 9 Cir., 112 F.2d 503, 504, despite the reversal of that case in 312 U.S. 654, 61 S.Ct. 618, 85 L.Ed. 1104. There the Supreme Court instructed us to consider the contention of the insufficiency of the evidence to sustain the verdict, though there was no exception to the denial of the motion to direct a verdict or to dismiss—an absurd order for the Supreme Court to make if, in the absence of an exception, the bill showed no point raised for decision on appeal.

Likewise with regard to the failure of the bill of exceptions to show that appellant sought a directed verdict. I am ignoring the fact that the minutes of the trial court, appearing in the transcript, show that such a motion was made and that an exception was taken. It is not the law of this circuit that the question of the sufficiency of the evidence to sustain the verdict cannot be before us in the absence of such a motion. The repeated holdings of this court are that it will consider the merits of a contention that there is no evidence to support the conviction, even though there be no motion for a directed verdict on that ground.

In Bailey v. United States, 9 Cir., 13 F. 2d 325, 327, Judge Rudkin's opinion established the law for this circuit to be:

"We are, of course, aware that there was no request for an instructed verdict at the close of the testimony, as suggested by counsel; but if there is no competent testimony to support the verdict of guilty, and more especially if it appears affirmatively that no crime has in fact been committed, the right and duty of this court to order a reversal is not open to question.

"The judgment of the court below is therefore reversed, and the cause is remanded for a new trial."

In that case the evidence was reviewed and the lower court was reversed.

The Bailey case was followed in Marco v. United States, 9 Cir., 26 F.2d 315, 316, where, without a motion for a directed verdict, the evidence was reviewed and the conviction sustained, the court holding:

"The sufficiency of the testimony to support the verdict was not raised at the conclusion of all the testimony in the court below, and for that reason the question is not properly before us for review. Under such circumstances courts will only look into the record far enough to see that there has been no miscarriage of justice, or that there is some testimony tending to support the verdict."

The court in the first case was constituted of Judges Gilbert, Hunt and Rudkin; in the second case of Judges Gilbert, Rudkin and Dietrich.[1]

However, in this appeal the contention the court refuses to consider does not re-

---

[1] Since the instant case was decided, the principle of the Bailey and Marco cases has been reaffirmed in Giles v. United States, 9 Cir., 144 F.2d 860. The court, constituted of Judges Denman, Stephens and Healy, considered an assigned error, though no objection was made or exception taken, "far enough to see that there has been no miscarriage of justice."

quire a review of the evidence, for the appellee's brief admits as to both counts on which appellant was held guilty that in the absence of the stipulation there was no proof of the necessary fact that the shipment in interstate commerce was a food. Concerning the second count, the necessary proof of contamination of the article shipped in interstate commerce does not appear other than in the stipulation. Appellant therefore is refused the consideration of what is purely a question of law which, if he be correct, has been decided below in a manner to constitute what this court has repeatedly described as "a miscarriage of justice," which it is our duty to consider.

The position of appellant, in effect, is as follows: If appellant, after information filed but before trial, had met the United States Attorney and given him a signed confession that his interstate shipments were foods and were contaminated and later at the trial the United States Attorney had offered the confession in evidence, no crime was proved and no conviction could be had unless independent proof was made of the food nature of the shipment and its contamination. Gordnier v. United States, 9 Cir., 261 F. 910, 911; Ryan v. United States, 8 Cir., 99 F.2d 864; Gulotta v. United States, 8 Cir., 113 F.2d 683; Anderson v. United States, 6 Cir., 124 F.2d 58. Hence, appellant's contention continues, the written confession of his agent, his counsel, contained in the stipulation, can have no higher value than the written confession of the agent's principal, the appellant.

Appellee nowhere meets this contention with any case in which the question of the necessity of proof of the corpus delicti is raised. Appellee has cited no criminal case and our search has revealed none in which the effect of stipulations made before trial has been considered. It seems a question of novel import.

In my opinion, such a stipulation, though in effect it be a confession, is not an extrajudicial act. The attorney for appellant's litigation is not a mere agent when he enters into a stipulation with the government's attorney. The attorneys of both parties are officers of the court and, since the making of the stipulation in existing litigation is within the functions of the appellant's attorney's office, the confession appearing in the stipulation is an action for the court itself and in that sense a judicial act. Though, before trial, its effect is no

different in establishing the fact than such a stipulation made in the course of the trial, or, if the defendant took the stand, his statement there that the shipment was a food.

The judgment should have been affirmed on the grounds here stated.