## GILES v. UNITED STATES.

### No. 10668.

Circuit Court of Appeals, Ninth Circuit.

Sept. 25, 1944.

Harry G. McCain, of Ketchikan, Alaska, for appellant.

Lynn J. Gemmill, U. S. Atty., Division No. 1, Robert L. Jernberg and Robert L. Tollefsen, Asst. U. S. Attys., all of Juneau, Alaska, and J. Charles Dennis, U. S. Atty., of Seattle, Wash., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment sentencing appellant to serve a five year term in the penitentiary for the crime of negligent homicide in violation of Section 4764, C.L.A., 1933, providing as follows:

"Sec. 4764. *Negligent homicide.* Every killing of a human being by the culpable negligence of another, when such killing is not murder in the first or second degree, or is not justifiable or excusable, shall be deemed manslaughter, and shall be punished accordingly."

The evidence shows that appellant, who had been drinking, was in his dwelling, seated on his bed, with a powerful hunting rifle over his knees, the loading mechanism of which he was manipulating and explaining to a friend, who was about to go on a hunting expedition. In that operation the brass cartridge would be visible to appellant before the mechanism was closed to a position where the trigger could be pulled. His dwelling was a two-room apartment con-

sisting of the bedroom in which the two men were examining the rifle and a kitchen adjoining. Appellant's wife was in the kitchen, where she came in the line of a bullet discharged from the rifle. The husband, looking down at the loading mechanism, pulled the trigger, the rifle was discharged and its bullet passed through his wife's legs causing an injury from which she died. There is no evidence of an intent to kill or that appellant flourished the rifle or pointed it in her direction.

Appellant assigns as error that the district court failed to give an instruction on Section 4776 of Chapter 39, S.L.A. 1935, as an included offense. That section provides:

"Section 4776. *Pointing firearms at and discharging the same and injurying thereby.* Whoever intentionally, and without malice, points or aims any firearm at or toward any person, or discharges any firearm so pointed or aimed, or who points and discharges any firearm at or toward any person or object without knowing, the identity of such object and thereby maims or injures any human being, shall be guilty of the careless use of firearms and, upon conviction, shall be fined not more than One Thousand Dollars, or imprisoned, not more than one year, or both so fined and imprisoned, and if death ensue from such maiming or injuring the person discharging such firearm may, in the discretion of the prosecuting officer or grand jury, be charged with the crime of manslaughter. This section shall not extend to any case where firearms are used in self defense or in the discharge of official duty, or in case of justifiable homicide."

■ The record fails to show any request for an instruction regarding this section of the Alaska Session Laws. However, it has been established that we will examine the record with reference to an assigned claim of error to which no objection has been made or exception taken in the district court "far enough to see that there has been no miscarriage of justice." Judge Rudkin's opinion, concurred in by Judges Gilbert and Dietrich, in Marco v. United States, 9 Cir., 26 F.2d 315, 316 states the rule in a case where there has been no motion for an instructed verdict on the ground of insufficiency of the evidence, as follows:

"The sufficiency of the testimony to support the verdict was not raised at the conclusion of all the testimony in the court below, and for that reason the question is not properly before us for review. Under such circumstances courts will only look into the record far enough to see that there has been no miscarriage of justice, or that there is some testimony tending to support the verdict."

In this the opinion follows that of Judge Rudkin, concurred in by Judges Gilbert and Hunt, in Bailey v. United States, 9 Cir., 13 F.2d 325, 327. Cf. Sherwin v. United States, 9 Cir., 112 F.2d 503, 504, reversed 312 U.S. 654, 61 S.Ct. 618, 85 L.Ed. 1104. The principle so established is clearly applicable to a case in which we find so severe a penalty for the killing of appellant's wife without guilty intent.

■ The appellee properly states the rule regarding the character of a lesser offense on which an instruction is warranted, as "To be necessarily included in the greater offense the lesser must be such that it is impossible to commit the greater without first having committed the lesser." House v. State, 186 Ind. 593, 117 N.E. 647.

■ It is apparent, as appellee shows, that Section 4776, supra, which is entitled "Pointing firearms at and discharging the same and injuring thereby," and has the element of intentional "pointing" throughout its provisions, is not included in a negligent homicide where there is no such pointing and the person hit merely fortuitously walks into the discharge line of the firearm while its holder is unaware of her presence there.

■ Appellant also contends that there is insufficient evidence to support the charge of culpable negligence. The facts shown, as narrated above, warrant an inference by the jury of such negligence.

Affirmed.