Dennis SURRATT, Appellant

v.

UNITED STATES of America,
Appellee.

No. 14967.

United States Court of Appeals
District of Columbia Circuit.

Argued May 11, 1959.

Decided July 9, 1959.

Wilbur K. Miller, Circuit Judge, dissented.

See also 104 U.S.App.D.C. 380, 262
F.2d 691.

Mr. Daniel M. Singer, Washington, D.
C. (appointed by this court), for appellant.

Mr. Jack Marshall Stark, Asst. U. S.
Atty., with whom Messrs. Oliver Gasch,
U. S. Atty., and Carl W. Belcher, Asst.
U. S. Atty., were on the brief, for appellee.

Before EDGERTON, WILBUR K. MILLER
and FAHY, Circuit Judges.

PER CURIAM.

Appellant and his co-defendant
Brown were convicted of housebreaking
and larceny. Massey, a confessed accomplice in the crime, testified that appellant
participated, and a policeman testified to
similar statements by Brown. Appellant
made no confession or admission. He
testified in his own behalf and tried to
establish an alibi.

But the court mistakenly instructed
the jury that "There is evidence in this
case that certain admissions or confessions were made by the defendants."
(sic) The court continued: "Preliminary
to going into the matter of admissions
and confessions, the Court will repeat
to you: That the admission or confession
of one is chargeable to that one only, and
not to another. To repeat, if 'A' makes
an admission or a confession, that offense
is chargeable to 'A' and not 'B'. If 'B'
makes an admission or confession, that
is chargeable to 'B' and not to 'A'. In
other words, that person admitting or
confessing speaks for himself and he
cannot incriminate another." This gave
increased emphasis and importance to
the mistaken statement that there was
evidence of admissions or confessions by
the "defendants".

The only testimony which was
admissible against the appellant was that
of the confessed accomplice Massey. Accomplice testimony is regarded with sus-

picion. As the court instructed the jury, "it should be received with caution and scrutinized with care." In our opinion the court's mistake in telling the jury, in effect, that this weak testimony was supported by evidence that appellant had made admissions or confessions, affected his substantial rights so seriously that although counsel did not bring it to the court's attention we should reverse the conviction under the plain error rule, F.R.Crim.P. 52(b), 18 U.S.C.A.

Reversed.

WILBUR K. MILLER, Circuit Judge, dissents.