Milus **HARDWICK**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 17370.

United States Court of Appeals Ninth Circuit.
Nov. 15, 1961.

---

Irwin E. Sandler, of Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Division, Russell R. Hermann, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before STEPHENS, BARNES and HAMLIN, Circuit Judges.

BARNES, Circuit Judge.

Appellant was charged with escape and attempted escape from the custody of the Attorney General of the United States and his authorized representative, the Warden of the Federal Correctional Institution, Lompoc, California, (18 U.S.C. § 751)[1] after conviction in the United States District Court for the District of Arizona of a violation of Title 18, § 2113(a), United States Code (bank robbery). Appellant was convicted by a jury, and sentenced to eighteen months. This appeal proceeded in forma pauperis, with appointed counsel. This court thanks Mr. Sandler, counsel for appellant, for his vigorous representation of his client's rights, both in the trial court and on appeal.

The notice of appeal raises two points on which appellant intended to rely—(1) insufficiency of the evidence to support the verdict and judgment, and (2) errors of law committed by the trial court.

Appellant, both in his briefs and at oral argument, failed to further urge the insufficiency of the evidence, except insofar as becomes insufficient if certain alleged errors in the introduction of evidence render it such.

Appellant's principal error urged in the admission of evidence relates to Government's Exhibit 4 which reads as follows:

"G S A
PBS TELETYPE
TUCSON, ARIZ.
1960 APR 13 PM 4 44
WYB141–TS WA 179 J–BOP
WASHINGTON DC 4–13–60 1826R
COPY
ARCHIE MEYER US MARSHAL
TS
LA TUNA DESIGNATED * * *.
LOMPOC FOR DELBERT LEROY CARLISLE. *LOMPOC ALSO FOR MILUS HARDWICK* FOR CLASSIFICATION. * * *
JAMES V BENNETT
DIRECTOR
MILUS
KAY 1832R"

This document, says appellant, not being an original, and not being certified or authenticated in any manner, was not admissible, and its admission constituted prejudicial error, under the rule of Mullican v. United States, 5 Cir., 1958, 252 F.2d 398, 70 A.L.R.2d 1217.

▐ We first point out no motion for acquittal was made at the conclusion of the entire case upon the ground of the insufficiency of the evidence. (Fed.R.Crim. P. 29(b), 18 U.S.C.) The codefendant made a motion for acquittal at the end of the government's case (Rule 29(a)) on the sole ground that there was "no showing the defendants actually had any intent to escape." (Tr. p. 118.) In this motion the appellant joined. (Tr. p. 119.) Thus, no motion was made by either defendant for an acquittal upon the ground of insufficiency of the evidence, at any time in the case.

---

1. § 751 provides that:

"Whoever escapes or attempts to escape from * * * any institution in which he is confined by direction of the Attorney General, * * * shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both; or if the custody or confinement is for extradition or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined not more than $1,000 or imprisoned not more than one year, or both."

Under these circumstances the point has been waived. Ege v. United States, 9 Cir. 1957, 242 F.2d 879, 883; Joseph v. United States, 9 Cir. 1944, 145 F.2d 74, cert. denied, 323 U.S. 776, 65 S.Ct. 188, 89 L.Ed. 620.

■■ It is conceded by appellant that the Mullican case, supra, does not require the government "to trace a prisoner by documentation from [the] courtroom [where he was originally convicted] to the place from which he escaped, in order to sustain a conviction for escape," but that there must be proof of three facts: (a) that there was a conviction, (b) that there was an escape, and (c) that such escape was from a confinement arising by virtue of the conviction.

We agree with this statement of the law, and find proof thereof in this record. The conviction was established by Exhibit 6—a *certified copy* of the judgment of conviction and commitment (to the Attorney General). There was no objection raised to this exhibit. The escape was established by the jury's verdict, and it is not before us. That the escape was from confinement occurring by virtue of the conviction was established by Exhibit 3, a photostatic copy of a copy of the judgment and commitment, on which appeared a photostatic copy of an *original certificate,* or Marshal's return, reading as follows:

"United States of America }
"District of Arizona } ss

"I certify that I received the within Commitment on April 11, 1960 and executed same April 25, 1960 by delivering the body of the within named defendant to the Warden of Federal Correctional Institution at Lompoc, California, with a duplicate original of the within Commitment.
"I further certify that the within named defendant [Milus Hardwick] has been in custody continuously since date of sentence.
    "Archie M. Meyer
    "United States Marshal
by (signed) Dixie T. Potter
        Deputy
"April 25, 1960."

*No objection was made,* on any ground by any defendant *to the introduction of Exhibit 3.* (Tr. p. 20.)

In the Mullican case, supra, Exhibit 1 (being a copy of judgment and sentence in Alabama, with an endorsement of the Marshal's return showing delivery of the defendant Shores to the United States Penitentiary at Atlanta) and Exhibit 2 (being a copy of judgment and sentence in Texas, and a return of the Marshal showing delivery of the defendant Mullican to the United States Penitentiary at El Reno, Oklahoma) were both held "properly authenticated" and "properly admitted" into evidence. (Mullican, supra, 252 F.2d p. 401.) Thus the Mullican case supports the sufficiency of the evidence (established by Exhibits 3 and 6) to convict in the instant case.

The Mullican case did rule out the documents purporting to show the transfer of the defendant Shores from penitentiaries or correctional institutions at Atlanta to Leavenworth to Milan, Michigan, to Texarkana, Arkansas, and documents purporting to show the transfer of Mullican from El Reno, Oklahoma, to Texarkana. (Mullican, supra, Ex. 3.)

These were photostatic *"copies of copies of transfer orders,"* (Mullican, supra, p. 401, emphasis added) certified by the Assistant Director of Prisons at Washington, D. C., at a time the *original* orders were physically located some place else.

The Mullican case also ruled out Exhibit 4, which was likewise signed in Washington, D. C., and related to original documents located elsewhere.

In differentiating the Mullican case, and in finding support in its ruling that its Exhibits 1 and 2 support the introduction and sufficiency of Exhibits 3 and 6 in this case, we do not approve nor disapprove of the fifth circuit's holding that Mullican Exhibits 3 and 4 were defective, or inadmissible, or that their admission was *not* harmless error.

We do not need to pass on the government's position that Exhibit 4 in this case was properly introduced in evidence

under the provisions of 28 U.S.C. §§ 1732, 1733, as an "Official Document," or as a "writing or record * * * made as a memorandum * * * of any act." Nor can we find any support in Clainos v. United States, D.C.Cir., 1947, 82 U.S. App.D.C. 278, 163 F.2d 593 (cited by appellant) which would bar Exhibit 4 from evidence. In Clainos, the government attempted to prove a previous conviction by informal notations appearing on rogues' gallery pictures.

Finding all essential elements of the crime charged against appellant were proved by adequate, admissible, and convincing evidence, and finding no prejudicial error in any ruling by the trial court, we Affirm.