Roy Eugene MORRIS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18757.

United States Court of Appeals Ninth Circuit.

Dec. 28, 1963.

Daniel N. Belin, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section; Jo Ann Dunne, and John Mitchell, Asst. U. S. Attys., for appellee.

Before JERTBERG, MERRILL and BROWNING, Circuit Judges.

JERTBERG, Circuit Judge:

Following trial to a jury, appellant was convicted on Counts Two and Three of a three count indictment charging violations of the "fraud by wire" statute, 18 U.S.C. § 1343 which reads as follows:

"§ 1343. *Fraud by wire, radio, or television*

"Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representa-

tions, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined not more than $1,000 or imprisoned not more than five years, or both."

Count Two of the indictment, in substance, charged that beginning on or about December 8, 1960 appellant devised a scheme and artifice to defraud Ruth A. Korn, and to obtain money from said person by means of the following false and fraudulent pretenses, representations and promises:

1. That he would look for a house trailer for Ruth A. Korn in Phoenix, Arizona;

2. That he would purchase a house trailer in Phoenix, Arizona, for Ruth A. Korn with money that she would send him;

well knowing that the representations and promises were false when made; and

That on or about January 17, 1961 the appellant, for the purpose of executing the aforesaid scheme and artifice caused to be transmitted by means of interstate wire, a telephone call from Phoenix, Arizona to Blythe, California.

Count Three realleges the allegations contained in Count Two except the last paragraph thereof, and in lieu thereof alleges that on or about January 17, 1961 the appellant, for the purpose of executing the aforesaid scheme and artifice, caused to be transmitted by means of interstate wire, a Western Union telegram from Blythe, California to Glendale, Arizona.

The facts viewed in the light most favorable to the government may be summarized as follows:

On December 8, 1960 appellant rented accommodations at the Valley Motel in Blythe, California, which motel and trailer court was owned and operated by Ruth Korn. He was accompanied by Leona Moore who registered as appellant's wife.

Appellant was unemployed and in order to reduce the rent on his accommodations, he worked as a "handy man" for Ruth Korn.

During appellant's residence at the trailer court Ruth Korn told appellant that she was interested in acquiring another house trailer for the trailer court. Appellant stated that he was going to Arizona and that he would try to locate and purchase a trailer house on her behalf.

Appellant departed from the trailer court on January 9, 1961.

On January 12, 1961 appellant telephoned Ruth Korn from Phoenix, Arizona and informed her that after contacting three finance companies he had located six trailers which could be purchased for the sum of $5,000.00. Ruth Korn stated that she didn't want that many trailers and didn't have that much money to spend.

On January 17, 1961 appellant telephoned from Phoenix, Arizona to the trailer court and in Ruth Korn's absence he spoke to a resident of the trailer court and stated that he had located a trailer and requested that Ruth Korn wait for his next phone call. On the same day appellant again telephoned from Arizona to Blythe, California and told Ruth Korn that he had located a repossessed trailer, 1958 model, National, and that the price was approximately $931.00. When Ruth Korn replied that she would get the money and drive to Arizona, appellant stated that there wasn't time since the offer was only good until 4:00 p. m. that day. Appellant stated that if Ruth Korn would send $931.00 to him by Western Union money order, that he would buy the trailer and deliver it to Blythe, California on January 18, 1961.

On January 17, 1961 Ruth Korn sent $931.00 by Western Union money order. On January 18, 1961 appellant cashed the money order at a bank in Glendale, Arizona.

Appellant did not deliver a trailer to Ruth Korn and the money sent by her was never returned to her and Ruth Korn did not see or hear from the appellant after he received the money order.

Ruth Korn testified in response to the question "Have you talked to anybody about this case?" stating, "Oh, well I did after several days go to the Sheriff's Department and report it."

A special agent of the Federal Bureau of Investigation stationed at Denver, Colorado, stated that he arrested the defendant on March 21, 1963 "pursuant to information that I had received that the individual was a fugitive from a period of time in 1961." He further testified that appellant stated to him that he had contracted to purchase the trailer for Ruth Korn; that she had wired him a Western Union money order to Glendale, Arizona from Blythe, California; that the deal had fallen through and on the following evening he returned to Blythe and returned the money to Ruth Korn.

Appellant specified that the District Court erred:

1. In denying appellant's motion for judgment of acquittal at the close of the government's case and renewed at the close of all of the evidence on the ground of insufficiency of evidence to establish the existence of a scheme to defraud;

2. In the giving by the trial court, over the objection of appellant, of an instruction on flight or concealment;

3. In denying appellant the right to object to the proposed jury instructions out of the hearing of the jury; and

4. In unduly restricting the cross-examination of Ruth Korn.

■ From our review of the evidence we are satisfied that the evidence was sufficient to sustain the jury's verdict of conviction on Counts Two and Three.

The judgment of conviction must be reversed, however, because of the error of the trial court in instructing the jury as follows:

"The flight or concealment of a person immediately after the commission of a crime, or after he is accused of a crime that has been committed, is not sufficient in itself to

establish his guilt, but is a fact which, if proved, may be considered by the jury in the light of all other proved facts in deciding the question of his guilt or innocence. Whether or not evidence of flight or concealment shows a consciousness of guilt, and the significance if any to be attached to such a circumstance, are matters for determination by you, the jury."

█ The government concedes "that it is error to instruct the jury based on a conjectural state of facts for which there is no evidence" and cites in support of such rule of law, United States v. Breitling, 20 How. 252, 61 U.S. 252, 15 L.Ed. 900 (1858). In that case the court stated:

"It is clearly error in a court to charge a jury upon a supposed or conjectural state of facts, of which no evidence has been offered. The instruction presupposes that there is some evidence before the jury which they may think sufficient to establish the facts hypothetically assumed in the opinion of the court; and if there is no evidence which they have a right to consider, then the charge does not aid them in coming to correct conclusions, but its tendency is to embarrass and mislead them. It may induce them to indulge in conjectures, instead of weighing the testimony."

█ We find no direct evidence in the record that appellant fled or concealed himself; for aught that appears in the record, appellant may have remained in Glendale or Phoenix, Arizona from January 17, 1961 until a day or two before his arrest in Colorado, more than two years later. It affirmatively appears that Ruth Korn did not make an immediate report of the offense committed by appellant to the sheriff's office. There is no testimony indicating when, if at all, a complaint for the arrest of appellant was made or when the sheriff's office notified the Federal Bureau of Investigation of Ruth Korn's report to the sheriff's office, or when the Federal Bureau of Investigation commenced to search for appellant. The offense was committed not later than January 17, 1961. The agent of the Federal Bureau of Investigation referred to a period of time in 1961, which means any time in 1961 and not particularly to January, 1961. It can hardly be inferred from such testimony that he fled or concealed himself immediately after January 17, 1961.

We find no evidence or reasonable inference therefrom which tends in the least degree to establish that appellant fled immediately after the commission of the crime, or immediately after he had been accused of a crime that had been committed. The danger that the jury might have been led to indulge in conjecture is heightened by the fact that the Special Agent of the Federal Bureau of Investigation testified that the appellant "was a fugitive", which to the minds of the jury would mean a person who, having committed or being accused of a crime, flees to avoid punishment.

The giving of the instruction requires a reversal of the judgment of conviction. In the event that appellant should be tried again, we deem it proper to state that we believe that the cross-examination of Ruth Korn was unduly restricted, and that the trial judge should give counsel an opportunity to object to proposed instructions without the presence of the jury.

The judgment of conviction is reversed and the cause is remanded to the District Court to grant the appellant a new trial or for other appropriate disposition.