Edmond WAKER, Defendant, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6421.

United States Court of Appeals
First Circuit.

April 28, 1965.

Robert E. Fast, Boston, Mass., with whom Hale & Dorr, Boston, Mass., was on brief, for appellant.

Melvin B. Miller, Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., and William J. Koen, Asst. U. S. Atty., were on brief, for appellee.

Before ALDRICH, Chief Judge, WATERMAN,\* Circuit Judge and GIGNOUX, District Judge.

ALDRICH, Chief Judge.

■■■ The defendant was convicted of violating 26 U.S.C. § 4742(a) forbidding the transfer of marihuana without a written order upon a form issued by the Secretary of the Treasury. The defense, essentially, was entrapment. It is clear, on the government's own case, that a transfer was requested by a government agent.[1] It is also clear, just as in Whiting v. United States, 1 Cir., 1963, 321 F.2d 72, that while the agent apparently had some private reason for suspecting that the defendant would be amenable, on the evidence presented in court he had no probable cause.[2] We reaffirm our holding in Whiting that where the inducement exercised was not "shocking or offensive per se" the only issue is whether the defendant was sufficiently predisposed, so that while the particular offense was brought about by the government agent, the defendant's criminality, or "corruption," was not. On this issue, once inducement has been shown, the burden is on the government beyond a reasonable doubt.[3] United States v. Landry, 7 Cir., 1958, 257 F.2d 425, 429; Lunsford v. United States, 10 Cir., 1952, 200 F.2d 237, 239–240. However, such predisposition may be inferred from the circumstances themselves. Defendant's concept that "an established pattern of continuing criminal conduct" must be found is erroneous. As we pointed out in Whiting, supra, entrapment is allowed as a defense not because the defendant has not committed the acts constituting the crime, but because entrapment, as legally defined, is unacceptable to a sense of justice and fair play. It would be excessive to extend it to a defendant who showed himself ready and willing, and merely had to be persuaded that this was a safe opportunity to commit the offense. In such circumstances we would not impose on the gov-

1. Not this particular transfer. See fn. 4, infra.

2. See fn. 5, infra.

3. The question of the weight of his burden was expressly reserved in Whiting, supra, 321 F.2d at 75, n. 6. We have concluded that although, strictly, an element of the offense is not involved, it would be unduly confusing to instruct the jury that the government's burden is any the less on this issue than it is on other parts of its case.

ernment the very heavy burden of proving beyond a reasonable doubt that the defendant was a habitual offender, or even that he was a prior offender at all. Our discussion in Whiting of the purpose behind the entrapment defense and the countervailing policies need not be repeated.

Although the instant defendant had to be "played with" a bit, the jury was warranted in concluding, to continue in the vernacular, that he was willing to take the bait. We see no purpose in detailing the evidence in the body of this opinion.[4] The difficulty comes with the charge. The court did not separate out the issue of probable cause, as it might appear to the agent, to solicit the defendant, and defendant's actual predisposition to engage in illicit activities, i. e., whether he was in fact entrapped. It charged the jury that the prosecution could establish the defendant's predisposition by showing that the agent knew that he was predisposed to commit the crime, either from "personal knowledge, or from information from an established authority that is to be believed." This

was either a total failure to charge on the more basic issue of predisposition as distinguished from probable cause, or a charge that on this basic issue hearsay could be considered. In either event it was directly contrary to Whiting v. United States, 1 Cir., 1961, 296 F.2d 512, 517–519. The defendant duly saved his rights. On this essential matter we have no alternative but to reverse.[5]

The defendant made another request which, since the matter may well come up at a second trial, we must deal with. The defendant requested the court, to instruct the jury that it might find him "guilty of the lesser offense of unlawful acquisition or possession of marihuana." On this appeal he identifies this as meaning a violation of 26 U.S.C. § 4744(a), prohibiting the acquisition of marihuana without having paid the tax imposed upon a transferee. If this was "an offense necessarily included in the offense charged," F.R.Crim.P. 31(c), the defendant was entitled to the requested instruction. It may be conceded, in the light of the presumptions established by 26 U.S.C. §§ 4744(a) and 7491, that the evidence in fact warranted a finding that

4. The facts in this case were somewhat unusual. Briefly, the defendant, on being introduced to the government agent by an acquaintance, was asked by the agent whether he knew "Reb." An affirmative answer quickly led to a request by the agent and the furnishing of a packet in exchange for $30. The defendant also gave the agent his telephone number. The packet proved to be "turkey," or non-narcotic. The agent telephoned the defendant and urged him, at first unsuccessfully, to rectify the error. Later the defendant apologized and said that he would do so. However, at the appointed time, defendant transferred another "turkey" in exchange for another $10. Then, possibly to assure the agent of his good faith, or to placate a guilty conscience, defendant offered to share the smoking of a "reefer." The agent took it; it proved to be genuine marihuana, and its transfer alone formed the basis of the present indictment. While these facts were perhaps unusual there was no

unusual pressure placed upon the defendant to make the transfer.

5. Had there been no hearsay evidence we might possibly have considered this charge erroneous but not prejudicial. Cf. Elgin, J. & E. Ry. Co. v. United States, 7 Cir., 1918, 253 F. 907, 912–913, cert. den. 249 U.S. 601, 39 S.Ct. 259, 63 L.Ed. 797. There was, however, such evidence, namely that the government agent, before searching out the defendant, conversed with two Coast Guardsmen. The inference is obvious that they gave him information about the defendant. The natural consequences of this charge, referring to external authoritative sources, was to emphasize this inference. Morris v. United States, 9 Cir., 1963, 326 F.2d 192; Surratt v. United States, 1959, 106 U.S.App.D.C. 49, 269 F.2d 240, cert. den. 371 U.S. 880, 83 S.Ct. 152, 9 L.Ed.2d 116. In fact, since it does not appear what the Coast Guardsmen told the agent, the evidence would not have any proper bearing even on the issue of his probable cause.

the defendant was guilty of this lesser offense.

We have found very little articulation of the reason why a defendant, as distinguished from the government, is entitled to a charge that he may be found guilty of an offense of a lesser character than the one specified in the indictment. However, it is not what might be regarded as the humanitarian approach, to give a jury, reluctant to find the defendant guilty of the larger offense but possibly prepared to do so if necessary, the opportunity to temper justice. See Sansone v. United States, 85 S.Ct. 1004 (3/29/65). The rule is not applicable unless the lesser offense is made out by some, but less than all, of the factual elements constituting the greater offense, Sansone v. United States, supra. Furthermore, the lesser offense must not require some additional element not needed to constitute the greater offense. Larson v. United States, 10 Cir., 1961, 296 F.2d 80, 81; Giles v. United States, 9 Cir., 1944, 144 F.2d 860, 10 Alaska 455. 26 U.S.C. § 4742(a), under which the indictment was brought, makes transfer by "any person," with certain exceptions, without the proper written order an offense. The legality of the transferor's acquisition is irrelevant. The government would clearly have been entitled to an instruction that lawful acquisition by the transferor would not have been a defense to the indictment. Consequently the request was properly refused.

Judgment will be entered reversing the judgment of the court below and vacating the verdict, and remanding the action for further proceedings not inconsistent herewith.

WATERMAN, Circuit Judge (concurring).

I concur in the result.