94 F.3d 642
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alphonso MARTIN, Defendant-Appellant.
 No. 95-5415.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 7, 1996.
Decided Aug. 15, 1996.
 
 ARGUED: Hunt Lee Charach, Federal Public Defender, Charleston, West Virginia, for Appellant. Philip Judson Combs, Assistant United States Attorney, Charleston, West Virginia, for Appellee. ON BRIEF: C. Cooper Fulton, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Charleston, West Virginia, for Appellee.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and CURRIE, United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Alphonso L. Martin contends that the district court erred in refusing to give a lesser included offense instruction and in departing upward at his sentencing.
 
 I. FACTS
 
 2
 On October 4, 1994, Appellant confronted a mail carrier during the course of his rounds. During the confrontation, Appellant produced a pistol and fired a shot that struck the ground one foot from the carrier. As a result, mail service was suspended to Appellants entire block for a four-day period. Appellant was indicted for forcibly assaulting a federal employee during the performance of his official duties in violation of 18 U.S.C. § 111(a).
 
 
 3
 Appellant requested that the jury receive a lesser included offense instruction for 18 U.S.C. § 1701, obstruction of the mails. The district court refused and the jury found Appellant guilty. The pre-sentence report established Appellant's criminal history level at Category III and calculated his total offense level at 9. Those levels translated to a sentencing range of 8-14 months.
 
 
 4
 At the sentencing hearing, however, the district court departed upward under U.S.S.G. § 4A1.3 from criminal history Category III to Category V. It also departed upward under U.S.S.G. § 5K2.7, increasing Appellants total offense level from 9 to 13. After adjustment, the applicable guideline range was 30-37 months. Appellant was sentenced to 36 months.
 
 II. ISSUES ON APPEAL
 A. Lesser Included Offense
 
 5
 Appellant argues that 18 U.S.C. § 1701 is necessarily a lesser included offense of 18 U.S.C. § 111 under the analysis provided in Schmuck v. United States, 489 U.S. 705 (1989).
 
 
 6
 In Schmuck, the Court considered whether to apply an elements test or an inherent relationship test to determine what constitutes a lesser included offense. Under the inherent relationship test "one offense is included in another when the facts as alleged in the indictment and proved at trial support the inference that the defendant committed the less serious offense, and an 'inherent relationship' exists between the two offenses." Schmuck, 489 U.S. at 708-09. Under the elements test "one offense is necessarily included within another only when the elements of the lesser offense form a subset of the elements of the offense charged." Id. at 709. The Court explicitly adopted the elements approach, id. at 716, and noted that " '[t]o be necessarily included in the greater offense the lesser must be such that it is impossible to commit the greater without first having committed the lesser.' " Id. at 719 (quoting Giles v. United States, 144 F.2d 860 (9th Cir.1944)).
 
 
 7
 Appellant argues that he was entitled to the lesser included instruction because the jury could have found him guilty of either offense from the evidence presented. In other words, Appellant argues for an application of the inherent relationship test. Schmuck, however, requires us to apply the elements test. Under that test, the elements of § 111 simply do not form a subset of the elements of § 1701. In other words, Appellant can be guilty of assaulting a federal officer without necessarily obstructing delivery of the mail.
 
 B. Upward Departures
 
 8
 The district court's decision to depart from the recommended guideline is reviewed for abuse of discretion. Koon v. United States, 64 U.S.L.W. 4512 (June 13, 1996). Appellant argues that the record does not factually support the district court's decision to depart under either § 4A1.3 or § 5K2.7. Thus, he contends that the district court abused its discretion in making both departures. We disagree.
 
 
 9
 1. Criminal History Category.
 
 
 10
 Section 4A1.3 allows a court to depart upward if "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendants past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3 (West 1994).
 
 
 11
 The district court gave five justifications in support of its decision to depart. The record substantially supports each justification:
 
 
 12
 (1) Violent history: Appellant had prior convictions for two counts of battery, destruction of property, assaulting an officer, pointing a firearm and resisting arrest.
 
 
 13
 (2) Pending charges: Section 4A1.3(d) authorizes the district court to consider upward departure if Appellant was awaiting trial or sentencing on another charge at the time the instant offense occurred. Criminal charges were pending against Appellant in Virginia as of September 7, 1994. Appellant assaulted the mail carrier on October 4, 1994.
 
 
 14
 (3) Lenient treatment: Despite nine convictions, nine arrests and twenty magistrate charges the longest incarceration Appellant ever received was 60 days.
 
 
 15
 (4) Recidivism: Section 4A1.3 notes that a court may depart upward based on a high likelihood of recidivism. The high number of arrests, convictions and charges supports the district courts determination that Appellant is a high risk for recidivism.
 
 
 16
 (5) The July 1993 firearms incident: Appellant, who employed a sawed off shotgun during this incident, was ultimately prosecuted in state court for pointing a firearm. He was fined and sentenced to three days in jail. If Appellant had been prosecuted in federal court he would have received a sentence of at least 27 months. That sentence, in turn, would have increased Appellant's criminal history category in this case.
 
 
 17
 Appellant also argues that even if the above facts justify the decision to depart, the district court erred by jumping from Category III to Category V without explaining why a departure to Category IV was not sufficient. See United States v. Rusher, 966 F.2d 868 (4th Cir.), cert. denied, 506 U.S. 926 (1992). In fact, the district court clearly stated why a one-level departure was insufficient.[1] Rusher does not require a more exhaustive explanation in the context of this case.
 
 
 18
 2. Interruption of Government Function.
 
 
 19
 Section 5K2.7 provides that "[i]f the defendants conduct resulted in a significant disruption of a governmental function, the court may increase the sentence above the authorized guideline range to reflect the nature and extent of the disruption and the importance of the governmental function affected." U.S.S.G. § 5K2.7 (West 1994). The Post Office stopped delivery to an entire neighborhood for four days as a result of Appellant's assault. That fact alone clearly demonstrates that the district court did not abuse its discretion in determining that Appellant significantly disrupted a government function.[2]
 
 III. CONCLUSION
 
 20
 For the foregoing reasons, we affirm the judgment of the district court.
 
 
 
 [1]
 "Well, I find that a Category IV--a departure to category IV would not expose this defendant to a sentence sufficient to satisfy the statutory objectives of sentencing under all the facts and circumstances of this case, and I've, therefore, decided to depart upward to Level V. I gave serious consideration to departing all the way up to Level VI, but I didn't, and I think that probably this record in this case would support a departure to Level VI." Joint Appendix at 533
 
 
 [2]
 At oral argument, Appellant contended that the lower court erroneously applied § 5K2.7 by concluding that the adjective "significant" modified government function instead of disruption. The argument is irrelevant because we find that Appellant's conduct caused a significant disruption of a significant government function