**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 95-5415

ALPHONSO MARTIN,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, District Judge.
(CR-94-146)

Argued: June 7, 1996

Decided: August 15, 1996

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
CURRIE, United States District Judge for the
District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Hunt Lee Charach, Federal Public Defender, Charleston,
West Virginia, for Appellant. Philip Judson Combs, Assistant United
States Attorney, Charleston, West Virginia, for Appellee. **ON
BRIEF:** C. Cooper Fulton, Assistant Federal Public Defender,
Charleston, West Virginia, for Appellant. Rebecca A. Betts, United
States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Alphonso L. Martin contends that the district court erred in refusing to give a lesser included offense instruction and in departing upward at his sentencing.

I. <u>FACTS</u>

On October 4, 1994, Appellant confronted a mail carrier during the course of his rounds. During the confrontation, Appellant produced a pistol and fired a shot that struck the ground one foot from the carrier. As a result, mail service was suspended to Appellants entire block for a four-day period. Appellant was indicted for forcibly assaulting a federal employee during the performance of his official duties in violation of 18 U.S.C. § 111(a).

Appellant requested that the jury receive a lesser included offense instruction for 18 U.S.C. § 1701, obstruction of the mails. The district court refused and the jury found Appellant guilty. The pre-sentence report established Appellant's criminal history level at Category III and calculated his total offense level at 9. Those levels translated to a sentencing range of 8-14 months.

At the sentencing hearing, however, the district court departed upward under U.S.S.G. § 4A1.3 from criminal history Category III to Category V. It also departed upward under U.S.S.G.§ 5K2.7, increasing Appellants total offense level from 9 to 13. After adjustment, the applicable guideline range was 30-37 months. Appellant was sentenced to 36 months.

II. ISSUES ON APPEAL

A. Lesser Included Offense

Appellant argues that 18 U.S.C. § 1701 is necessarily a lesser
included offense of 18 U.S.C. § 111 under the analysis provided in
Schmuck v. United States, 489 U.S. 705 (1989).

In Schmuck, the Court considered whether to apply an elements test
or an inherent relationship test to determine what constitutes a lesser
included offense. Under the inherent relationship test "one offense is
included in another when the facts as alleged in the indictment and
proved at trial support the inference that the defendant committed the
less serious offense, and an `inherent relationship' exists between the
two offenses." Schmuck, 489 U.S. at 708-09. Under the elements test
"one offense is necessarily included within another only when the ele-
ments of the lesser offense form a subset of the elements of the
offense charged." Id. at 709. The Court explicitly adopted the ele-
ments approach, id. at 716, and noted that "`[t]o be necessarily
included in the greater offense the lesser must be such that it is impos-
sible to commit the greater without first having committed the
lesser.'" Id. at 719 (quoting Giles v. United States, 144 F.2d 860 (9th
Cir. 1944)).

Appellant argues that he was entitled to the lesser included instruc-
tion because the jury could have found him guilty of either offense
from the evidence presented. In other words, Appellant argues for an
application of the inherent relationship test. Schmuck, however,
requires us to apply the elements test. Under that test, the elements
of § 111 simply do not form a subset of the elements of § 1701. In
other words, Appellant can be guilty of assaulting a federal officer
without necessarily obstructing delivery of the mail.

B. Upward Departures

The district court's decision to depart from the recommended
guideline is reviewed for abuse of discretion. Koon v. United States,
64 U.S.L.W. 4512 (June 13, 1996). Appellant argues that the record
does not factually support the district court's decision to depart under

3

either § 4A1.3 or § 5K2.7. Thus, he contends that the district court abused its discretion in making both departures. We disagree.

1. Criminal History Category.

Section 4A1.3 allows a court to depart upward if "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendants past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3 (West 1994).

The district court gave five justifications in support of its decision to depart. The record substantially supports each justification:

> (1) Violent history: Appellant had prior convictions for two counts of battery, destruction of property, assaulting an officer, pointing a firearm and resisting arrest.

> (2) Pending charges: Section 4A1.3(d) authorizes the district court to consider upward departure if Appellant was awaiting trial or sentencing on another charge at the time the instant offense occurred. Criminal charges were pending against Appellant in Virginia as of September 7, 1994. Appellant assaulted the mail carrier on October 4, 1994.

> (3) Lenient treatment: Despite nine convictions, nine arrests and twenty magistrate charges the longest incarceration Appellant ever received was 60 days.

> (4) Recidivism: Section 4A1.3 notes that a court may depart upward based on a high likelihood of recidivism. The high number of arrests, convictions and charges supports the district courts determination that Appellant is a high risk for recidivism.

> (5) The July 1993 firearms incident: Appellant, who employed a sawed off shotgun during this incident, was ultimately prosecuted in state court for pointing a firearm. He was fined and sentenced to three days in jail. If Appellant

4

had been prosecuted in federal court he would have received a sentence of at least 27 months. That sentence, in turn, would have increased Appellant's criminal history category in this case.

Appellant also argues that even if the above facts justify the decision to depart, the district court erred by jumping from Category III to Category V without explaining why a departure to Category IV was not sufficient. See United States v. Rusher , 966 F.2d 868 (4th Cir.), cert. denied, 506 U.S. 926 (1992). In fact, the district court clearly stated why a one-level departure was insufficient.**1** Rusher does not require a more exhaustive explanation in the context of this case.

2. Interruption of Government Function.

Section 5K2.7 provides that "[i]f the defendants conduct resulted in a significant disruption of a governmental function, the court may increase the sentence above the authorized guideline range to reflect the nature and extent of the disruption and the importance of the governmental function affected." U.S.S.G. § 5K2.7 (West 1994). The Post Office stopped delivery to an entire neighborhood for four days as a result of Appellant's assault. That fact alone clearly demonstrates that the district court did not abuse its discretion in determining that Appellant significantly disrupted a government function.**2**

_____

**1** "Well, I find that a Category IV -- a departure to category IV would not expose this defendant to a sentence sufficient to satisfy the statutory objectives of sentencing under all the facts and circumstances of this case, and I've, therefore, decided to depart upward to Level V. I gave serious consideration to departing all the way up to Level VI, but I didn't, and I think that probably this record in this case would support a departure to Level VI." Joint Appendix at 533.

**2** At oral argument, Appellant contended that the lower court erroneously applied § 5K2.7 by concluding that the adjective "significant" modified government function instead of disruption. The argument is irrelevant because we find that Appellant's conduct caused a significant disruption of a significant government function.

5

III. <u>CONCLUSION</u>

For the foregoing reasons, we affirm the judgment of the district court.

<u>AFFIRMED</u>

6